UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

PIRS CAPITAL, LLC,

                Plaintiff,

-against-                                          23 civ 10673 (CM)

LANTERN OF SAYBROOK, INC; ORCUS SYSTEMS
AND SOLUTIONS, INC., and NESIAN MAKESH a/k/a
NESIAN J. MAKESH,

                Defendants.
-------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/4/2024

## ORDER REMANDING CASE

McMahon, J.:

      This action – which alleges that the two corporate defendants breached certain contracts to sell accounts receivable to the plaintiff -- was filed in the New York State Supreme Court, New York County, on November 1, 2023, where it was filed under Index No.: 655420/2023. I am advised by counsel that, subsequent to the filing of this lawsuit, both corporate defendants were placed in receivership in the State of Ohio, and all proceedings against them were automatically stayed.

      On December 7, 2023 – less than 30 days after service was effected on him -- individual defendant Nesian Makesh, who is allegedly the guarantor of the corporate defendants' obligations under the agreements in suit, removed the action as against him from the New York State Supreme Court to this court on the basis of diversity. 28 U.S.C. § 1441(a). In the notice of removal, he recited that the case had been stayed as against the other two defendants but did not indicate that he had obtained the consent of those defendants (obviously, through the receiver appointed to conduct their affairs) to removal. In a conference held with counsel for plaintiff and Makesh today, there was no indication that anyone had attempted to obtain the consent of the receiver for removal, even though, when a case is removed solely on the basis of diversity of citizenship, as is the case here, 28 U.S.C. § 1446(b)(2)(A) requires that all defendants consent. No individual defendant can unilaterally remove a case against him to federal court.

      While counsel suggested to me today that the corporate defendants no longer have an interest in the case, that is obviously not true; the breach of contract claims against them are still alive and could both be defended by the receiver or be litigated by Makesh in his capacity as guarantor. As a result they (or the Receiver who now conducts their affairs) remain very much interested in this case. The fact that a case is stayed against other defendants does not mean that it is not pending against those defendants. Moreover, it appears that Makesh has asserted a RICO

counterclaim against plaintiff, in which the corporate defendants would seem to have an interest. (Obviously removal cannot be predicated on the assertion of a counterclaim arising under federal law).

Normally a non-removing defendant has 30 days from service to indicate consent to removal, but I have no idea whether or when either of the corporate defendants was served, because Makesh attached only the affidavit of service as against him to his Notice of Removal. Service was effected on him on November 9, 2023. In any event the stay would likely impact the running of those 30 days, and my colleague in Cleveland, The Hon. Dan Polster, appointed the Receiver on November 14, 2023.

The parties are now seeking to "undo" the removal by entering into a stipulation that would remand the case to the New York State Supreme Court. It is a very strange stipulation for a federal court to be asked to sign, since it (1) remands the case back to the State Supreme Court; (2) sets a schedule for further proceedings to be conducted in the New York State Supreme Court – a matter in which this court has not the slightest interest; and (3) reserves in Defendant the right "to the extent it has any such right" to commence a separate action in a federal court of appropriate jurisdiction alleging its RICO claims; while (4) indicating that the Plaintiff does not concede that the Defendant has any such right.

This court is concerned only with the issue of remand. The parties have agreed that the case should be remanded to the New York State Supreme Court. I will, therefore, sign their stipulation. However, the fact that I have signed off on the stipulation is solely in order to direct the Clerk to send the file back across the street. Nothing in my signature should be taken as any indication that the New York State Supreme Court cannot set its own schedule in this matter.

Dated: January 4, 2024

                                                                                                             U.S.D.J.

BY ECF TO ALL COUNSEL